## Peter Fox & Sons Company v. L. & N. R. R. Co., et al.

(Decided February 19, 1924.)

### Appeal from Christian Circuit Court.

1. Carriers—No Liability for Loss of Poultry in Car Partly Loaded. —A carrier was not liable, upon its common-law obligation as insurer of freight, for loss of poultry stolen from a car not completely loaded and in custody and control of the shipper, and before shipping directions had been given or bill of lading issued.

2. Evidence—Statements of Employee Not Admissible to Show Negligence.—Statements of watchman of railroad to a third party that he was asleep and not on the job when thieves broke into a car and stole plaintiff's shipment, were not admissible in evidence to show negligence of the railroad, where made many hours after the robbery, since, to be admissible, statements of an agent or employee must be made at the time of the transaction or at the time the thing under consideration occurred or so near thereto as to make them a part of the transaction itself, that is, res gestae.

McKENZIE & SMITH and IRA D. SMITH for appellants.

WOODWARD & WARFIELD and JOE McCARROLL and TRIMBLE & BELL for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

The appellants are poultry dealers, and instituted this action against the L. & N. R. R. Co. and the Director General of Railroads alleging that defendants furnished to plaintiffs on or about May 11th, 1918, a poultry car for the purpose of shipping a load of poultry from Scottsville, Ky., to Hoboken, N. J.; that the plaintiffs properly and correctly loaded the car while in the yards of the railroad company at Scottsville, and that after the car had been so loaded with poultry and while same was in possession of defendants, and by reason of their carelessness and negligence and that of their agents and servants, the car was broken into and more than 2,000 pounds of poultry stolen therefrom of the value of $570.84, for which they prayed judgment.

The answer was a traverse, and in a separate paragraph it was affirmatively pleaded that if the car was in fact broken into and robbed it was before the loading of the car had been completed, and before the same was delivered to the defendant for shipment or transportation, and while same was in the exclusive custody and control of plaintiffs and in their personal charge and care. The affirmative matter was traversed.

On a trial the court at the conclusion of the plaintiff's evidence directed a verdict for defendant, and the correctness of that ruling is the only question involved.

While it is alleged the car was fully loaded and in possession of the carrier, the evidence for plaintiff shows, without contradiction, that the robbery took place on the night of the 9th of May at a time when the car was only about two-thirds loaded, and when the doors thereof were locked by plaintiff's agent, and the keys in his possession. The car was set on the track near the station on or before the 8th of May, and on that day some poultry was loaded into the car, and on the 9th the plaintiff's agent continued to load the car until six o'clock p. m., and at that time it was about two-thirds loaded, and he then locked the doors of the car and left it for the night. Between that and the next morning at seven o'clock the robbery occurred.

It is not seriously contended, and could not be, that defendants are liable upon their common law obligation as insurers of freight, for the evidence shows the car at the time of the theft was not completely loaded, was in the custody and control of the plaintiffs, and that no shipping directions had been given or bill of lading issued. Under such circumstances such common law liability has not attached. Dunnington & Co. v. L. & N. R. R. Co., 153 Ky. 388; Nelson v. C. & O. R. R. Co., 157 Ky. 256; L. & N. R. R. Co. v. Edwards, 183 Ky. 555.

But it is argued that even though defendants were not liable as carriers, still they are liable because of their negligence in not protecting the car and its contents during the night of the robbery.

Assuming for the purposes of this opinion that the company owed appellants the duty to use ordinary care to protect the car during the night, there was no competent evidence given or offered showing any negligence.

The plaintiffs offered to prove by their agent that in the afternoon of the day following the robbery one Wade, said to have been a watchman in the railroad yards, told

the witness he did not know who broke into the car, that he was asleep and not on the job. An objection was sustained to this offered evidence, and of that complaint is made.

This evidence proposed to detail to the jury a conversation between the watchman of the railroad company and another, many hours after the robbery had occurred in order to show negligence upon the part of the company and fix its liability as a bailee.

To make such statements of an agent or employe competent as substantive evidence so as to fix liability for negligence upon another, the statements must have been made at the time of the transaction or at the time the thing under consideration occurred, or so near thereto as to make them a part of the transaction itself. Of course, if the witness Wade had previously testified and the proper foundation had been laid, evidence of such statements by him would have been competent to contradict his evidence and as bearing upon his credibility, but no further. The evidence as to Wade's statements was properly excluded; his statement was not made at such time as to make it a part of the *res gestae*. L. & N. R. R. Co. v. Ellis, 97 Ky. 330; McLeod v. Ginther, 80 Ky. 399; Hughes v. L. & N. R. R. Co., 104 Ky. 774; C. N. O. & T. P. R. R. Co. v. Martin, 146 Ky. 260; I. C. R. R. Co. v. Outland, 160 Ky. 725; L. N. R. R. Co. v. Moore, 150 Ky. 692.

This evidence being incompetent, and there being none other offered showing negligence of either appellee, even if they owed appellants the duty to use ordinary care to guard or protect the poultry before it was actually delivered to them for shipment, which is not decided, it is apparent the action of the court was proper.

Judgment affirmed.